**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ABRAHAM/RASHEEN GRANT/RAKIM,                                                    PLAINTIFF
ADC #128147

v.                                          5:16CV00203-KGB-JTK

UNITED STATES OF AMERICA                                                     DEFENDANT

## <u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>

### <u>INSTRUCTIONS</u>

The following recommended disposition has been sent to United States District Judge

Kristine G. Baker. Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the new hearing in the

1

form of an offer of proof, and a copy, or the original, of any documentary or other non-

testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I.      INTRODUCTION

Plaintiff Abraham/Rasheen Grant/Rakim (a/k/a Abraham Grant), a state inmate proceeding

pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed

In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. No. 1).  Although Plaintiff submitted a

declaration that makes the showing required by § 1915(a), his Motion should be denied.  28 U.S.C.

§ 1915(a).

## II.      SCREENING

The Court is required to screen complaints seeking relief against a governmental entity or

officer or employee of a governmental entity.  28 U.S.C. §1915(a).  Additionally, the Prison

Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on three (3) or more prior
> occasions, while incarcerated or detained in any facility, brought an action or appeal
> in a court of the United States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

2

Plaintiff has had at least three complaints dismissed for failure to state a claim and/or frivolous,[1] and is considered a "three-striker" within the meaning of the PLRA. Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C. §1915(g). This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Plaintiff asks the court to transfer him to a federal facility, where the overall living conditions offer a safer environment. He does not, however, allege any facts concerning his present conditions of confinement to support a finding that he is in imminent danger of serious physical injury, as provided in the statute; therefore, he should be required to pay the filing fee in order to prosecute this action.

## III.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     Plaintiff Grant/Rakim's Motion to Proceed In Forma Pauperis  (Doc. No. 1) be DENIED.

2.     Should Plaintiff wish to continue this case, he be required to submit the statutory filing fee of $400.00 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

3.     Plaintiff's Complaint be DISMISSED without prejudice.

---

[1] Grant v. Norris, 5:06CV00190-GH, dismissed for failure to state a claim; Grant v. Proctor, 2:12CV00133-SWW, dismissed as frivolous; and Grant v. Hobbs, 5:12CV00244-KGB, dismissed for failure to state a claim.

IT IS SO RECOMMENDED this 1st day of July, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE